IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | In Chapter 11 |
| | ) | Case No.   09 B  46644 |
| **CICCONE FOOD PRODUCTS, INC.,** | ) | Honorable Jack B. Schmetterer |
| | ) | (Emergency Judge) |
| Debtor-In-Possession | ) | Motion Date: December 11, 2009 |
| | ) | Motion Time:  2:00 p.m. |

## NOTICE OF EMERGENCY MOTION

TO:   See attached Service List

PLEASE TAKE NOTICE THAT on December 11, 2009 at the hour of 2:00 p.m., an **EMERGENCY MOTION FOR ORDER PERMITTING DEBTOR INTERIM USE OF CASH COLLATERAL BELONGING TO ASSOCIATED BANK,** shall be heard by the Honorable Judge Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 682, sitting as emergency judge in the place and stead of the Honorable A. Benjamin Goldgar at 219 South Dearborn, Chicago, Illinois.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

## NATURE OF EMERGENCY

Debtor requires use of cash collateral in order to operate its business. The Debtor has no other source of income other than the receipts from the revenues from its services. If the Debtor is not given the use of cash collateral, it will be unable pay its employees for their services and to purchase products for resale. If the employees are not paid in a timely manner and Debtor is unable to purchase products for resale, Debtor would then be forced into a premature liquidation.

## AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney certify that I caused the foregoing Notice of Motion to be served upon the persons named in the attached service list via facsimile or overnight mail on December 10, 2009.

/s/*Beverly A. Berneman*
Beverly A. Berneman

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

William T. Neary
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Fax: 312-886-5794

Anna Ciccone
1202 Surrey Road
Addison, IL 60101
Fax: 630-628-8881

Bindi Dessert
405 Minnisink Rd
Totowa, NJ 07512-1804
Fax: 973-812-5020

Daimler Truck Financial
13650 Heritage Parkway
Fort Worth, TX 76177
Fax: 800-533-3398

F&A Dairy Products – Wisconsin
212 State Rd 35 S
Dresser, WI 54009
Fax: 505-647-1697

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St
Chicago, IL 60604
Fax: 312-368-8712

Morris Meat Packing, Inc.
1406 S. 5th Ave.
Maywood, IL 60153
Fax: 708-865-8682

Associated Bancorp
Charles L. Vollmer, Vice President
401 E. Kilbourn Avenue
Milwaukee, WI 53202
Fax: 414-283-2395

Associated Bank, N.A.
200 N. Adams St
PO Box 19006
Green Bay, WI 54307
Fax: 920-431-8016

Battagilia & Co., Inc.
1275 Valley Brook Ave.
Lyndhurst, NJ 07071
Fax: 201-939-0300

CVL International Trade
429 N. 26th Avenue
Hollywood, FL 33020
Fax: 954-923-5972

Georgia Pacific
PO Box 93350
Chicago, IL 60673
Fax: 773-995-9304

Salvatore & Anna Marie Ciccone
40 West Fullerton Avenue
Addison, IL  60101
Fax:  630-628-8881

Montebovi Spa
Via del Fosso della Magliana, 34/F
00148 Roma RM
ITALY
Via Overnight Mail

Quality
172 N. Peoria St
Chicago, IL 60607
Fax: 312-666-8248

Santa Maria Foods Ulc
10 Armthorpe Rd
Brampton, ON L6T 5M4
CANADA
Via Overnight Mail

Stanislaus Food Products
1202 D St
Modesto, CA 95354
Fax: 209-548-3478

Ford Motor Credit Company
PO Box 64400
Colorado Springs, CO  80962
Fax: 402-498-6982

Pasta Puglia Specialty Food
10 Dell Glenn Ave
Lodi, NJ 07644
Fax: 973-478-5306

Sanniti LLC
1275 Valley Brook Ave
Lyndhurst, NJ 07071
Fax: 201-939-0300

Vistar Corp d/b/a Roma Foods
PO Box 187625
Division St North
Rice, MN 56367
Fax: 320-393-5249

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55
Ben Franklin Station
Washington, DC 20044
Fax: 202-514-5238
(*Contested Matters)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.   09 B  46644** |
| **CICCONE FOOD PRODUCTS, INC.,** | ) | **Honorable Jack B. Schmetterer** |
| | ) | **(Emergency Judge)** |
| **Debtor-In-Possession** | ) | **Motion Date: December 11, 2009** |
| | | **Motion Time:  2:00 p.m.** |

**EMERGENCY MOTION FOR ORDER PERMITTING DEBTOR
INTERIM USE OF CASH COLLATERAL BELONGING
<u>TO ASSOCIATED BANK</u>**

Debtor, CICCONE FOOD PRODUCTS, INC., by and through its attorneys, QUERREY & HARROW, LTD., moves this Court to enter an order permitting interim use of cash collateral belonging to ASSOCIATED Bank  and in support thereof  represents to the Court as follows:

**BACKGROUND**

1. On December 10, 2009, Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. Debtor provides food distribution services.

3. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections §§1107(a) and 1109 of the Bankruptcy Code.

4. No creditor's committee has been appointed in these cases. No trustee has been appointed.

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**SECURITY INTEREST OF ASSOCIATED BANK**

6.   On or about March 29, 2007, Debtor executed a promissory note in the amount of $396,000.00 in favor of Associated Bank, all as is more fully set forth on Exhibit 1 attached hereto. The terms of the promissory note have been extended from time to time as is more fully set forth in Group Exhibit 2 attached hereto. Concurrently, Debtor executed a security agreement in favor of Associated Bank in which Debtor granted Associated Bank a security interest in all of its assets, including accounts receivable. Associated Bank perfected its security interest by filing a UCC-1 form with the Secretary of State of Illinois. Debtor believes that the balance due on this note is approximately $244,216.00.

7.   On or about June 30, 2008, Debtor executed a promissory note in the amount of $2,200,000.00 in favor of Associated Bank, all as is more fully set forth on Exhibit 3 attached hereto. Concurrently, Debtor executed a security agreement in favor of Associated Bank in which Debtor granted Associated Bank a security interest in all of its assets, including accounts receivable. The terms of the promissory note have been extended from time to time as is more fully set forth in Group Exhibit 4 attached hereto. Debtor believes that the balance due on this note is approximately $2,200,000.00.

8.   Debtor believes that the value of the collateral securing the obligation to be approximately $1,457,300.00.

**DEBTOR REQUIRES USE OF CASH COLLATERAL**

9.   The Debtor requires the use of its cash collateral as it is defined in Section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to

the provisions of Section 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated expenses is attached hereto as Exhibit 5.

10. Associated Bank will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that Associated Bank be granted replacement liens upon the assets in Debtor's possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, subject to verification of the extent and validity of the liens. In addition, as adequate protection, Debtor proposes to make monthly adequate protection payments to Associated Bank in the amount of $5,000.00 and to grant Associated Bank a replacement lien upon the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

11. The use of collateral held by Associated Bank will cause little, if any, harm to Associated Bank. Conversely, the harm to the Debtor will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtor further believes that Associated Bank is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized.

### NATURE OF EMERGENCY

12. The Debtor has no other source of income other than the receipts from the revenues from its sales. If the Debtor is not given the use of cash collateral, it will be unable pay its employees for their services. If the employees are not paid in a timely manner, Debtor will be unable to retain its employees. Further, if Debtor is not given use of cash collateral, it will be unable to purchase goods for resale. The Debtor would then be forced into a premature liquidation.

    13.    Pursuant to Rule 4001(b) of the Bankruptcy Rules, Debtor must give fifteen (15) days notice to all creditors and parties in interest of a motion requesting leave to use cash collateral. However, pursuant to Rule 4001(b)(2), the court may conduct a preliminary hearing before the fifteen (15) day period expires as is necessary to avoid immediate and irreparable harm.

## NOTICE

    14.    Notice of this Emergency Motion has been served upon the Trustee, all parties holding a lien upon the Debtor's assets and the twenty largest creditors. Debtor believes that it is appropriate to reduce the time for notice of this application.

## DISCLOSURE PURSUANT TO LR 4001-2

    15.    Debtor represents that none of the provisions of the proposed cash collateral warrant highlighting as required by LR 4001-2.

WHEREFORE, Debtor, CICCONE FOOD PRODUCTS, INC., prays that an order be entered as follows:

    A.    Authorizing it to utilize cash collateral to the extent needed pursuant to the attached budget;

    B.    Granting Associated Bank a lien on the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien;

    C.    Reducing the time required for notice to all creditors and parties in interest;

    D.    Setting the matter down for final hearing on use of cash collateral; and

E.        For such other and further relief as this Court deems just and proper.

                                              CICCONE FOOD PRODUCTS, INC.,

                              /s/    *Beverly A. Berneman*
                                    Beverly A. Berneman
                                    One of its attorneys

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Eileen M. Sethna (ARDC #6276640)
QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

Document #: 1462304